UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LOURDES BLANCO,

    Plaintiff,

v.

NIVIA E. VAZQUEZ, M.D., P.A.,
and NIVIA E. VAZQUEZ, M.D.,

    Defendants.
_____/

## C O M P L A I N T

Plaintiff, LOURDES BLANCO, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, NIVIA E. VAZQUEZ, M.D., P.A., and NIVIA E. VAZQUEZ, M.D., and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, NIVIA E. VAZQUEZ, M.D., P.A. was an employer as defined by the FLSA.

6. At all times material hereto, NIVIA E. VAZQUEZ, M.D., P.A. was Plaintiff's

1

employer as defined by the FLSA.

7. At all times material hereto, NIVIA E. VAZQUEZ, M.D., P.A. was Plaintiff's employer.

8. At all times material hereto, NIVIA E. VAZQUEZ, M.D., P.A. was a Professional Association in the State of Florida.

9. At all times material hereto, NIVIA E. VAZQUEZ, M.D., P.A. was conducting business in this judicial district.

10. At all times material hereto, NIVIA E. VAZQUEZ, M.D., P.A.'s principal place of business was in Homestead, Florida.

11. At all times material hereto NIVIA E. VAZQUEZ, M.D., P.A. had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

12. NIVIA E. VAZQUEZ, M.D., P.A., upon information and belief, had revenue in excess of $500,000.00 per annum.

13. NIVIA E. VAZQUEZ, M.D., P.A., upon information and belief, had anticipated revenue in excess of $500,000 per annum.

14. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. was Plaintiff's employer as defined by law.

15. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. was an owner of NIVIA E. VAZQUEZ, M.D., P.A.

16. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. was an officer of NIVIA E. VAZQUEZ, M.D., P.A.

17. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. was the President of NIVIA E. VAZQUEZ, M.D., P.A.

18. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. was a shareholder of NIVIA E. VAZQUEZ, M.D., P.A.

19. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. was paid a salary by NIVIA E. VAZQUEZ, M.D., P.A.

20. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. shared in or was entitled to a share of the profits of NIVIA E. VAZQUEZ, M.D., P.A.

21. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. had operational control over NIVIA E. VAZQUEZ, M.D., P.A.

22. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. was directly involved in decisions affecting employee compensation and hours worked by employees.

23. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. controlled the finances for NIVIA E. VAZQUEZ, M.D., P.A.

24. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. was Plaintiff's direct manager and/or supervisor.

25. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D.'s primary duty was to manage and/or supervise NIVIA E. VAZQUEZ, M.D., P.A.

26. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. customarily and regularly directed the work of all employees at NIVIA E. VAZQUEZ, M.D., P.A.

27. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D. had the authority to hire or fire other employees.

28. At all times during Plaintiff's employment, NIVIA E. VAZQUEZ, M.D.'s

suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

44. While working for NIVIA E. VAZQUEZ, M.D., P.A., Plaintiff was individually engaged in interstate commerce.

45. While working for NIVIA E. VAZQUEZ, M.D., P.A., a substantial part of Plaintiff's work was to process credit card transactions.

46. While working for NIVIA E. VAZQUEZ, M.D., P.A., a substantial part of Plaintiff's work was to process debit card transactions.

47. While working for NIVIA E. VAZQUEZ, M.D., P.A., Plaintiff regularly processed credit card transactions.

48. While working for NIVIA E. VAZQUEZ, M.D., P.A., Plaintiff's regularly processed debit card transactions.

49. While working for NIVIA E. VAZQUEZ, M.D., P.A., Plaintiff was individually engaged in interstate commerce.

50. While working for NIVIA E. VAZQUEZ, M.D., P.A., the credit and/or debit card transactions processed by Plaintiff were completed outside the State of Florida.

51. While working for NIVIA E. VAZQUEZ, M.D., P.A., Plaintiff was regularly a party to interstate transactions with insurance companies and vendors.

52. While working for NIVIA E. VAZQUEZ, M.D., P.A., Plaintiff was regularly a party to interstate communications.

53. While working for NIVIA E. VAZQUEZ, M.D., P.A., Plaintiff regularly used the internet.

COUNT I: FLSA RECOVERY OF OVERTIME WAGES

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 above.

55. Plaintiff worked for Defendants from approximately June 2018 to February 2020.

56. Plaintiff worked for Defendants as a Front Office/ Desk Clerk.

57. Plaintiff's primary duties and responsibilities included answering phones, checking insurance, collecting payments, scheduling appointments, etc.

58. Plaintiff was paid at a rate of $16 - $18 per hour.

59. Plaintiff was not paid on a salary basis.

60. Plaintiff was not paid the same amount each week.

61. Plaintiff's weekly pay was subject to change each week based on the number of hours worked.

62. Plaintiff's weekly pay was based on the number of hours worked each week.

63. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

64. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

65. Defendants knew or showed reckless disregard of the unpaid and/or underpaid hours worked.

66. Defendants knew or showed reckless disregard of the above FLSA violations.

67. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

68. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

69. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

I, LOURDES BLANCO, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
LOURDES BLANCO, as Plaintiff

2-16-2021
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:  /s/Todd W. Shulby, Esq.
     Todd W. Shulby, Esq.
     Florida Bar No.: 068365